## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PETER BUTTURINI<br>4404 Garrison Street, NW<br>Washington, DC  20016<br><br>      Plaintiff.<br><br>    v.<br><br>JMA RESOURCES, INC.<br>2 Market Plaza Way, Suite 6<br>Mechanicsburg, PA  17055<br><br>      And<br><br>NANCY MARTINDELL<br>2 Market Plaza Way, Suite 6<br>Mechanicsburg, PA  17055<br><br>      Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Plaintiff, Peter Butturini (hereinafter "Mr. Butturini" or "Plaintiff") by and through counsel, Eric L. Siegel and James E. Miller of Eric Siegel Law, PLLC, and hereby files this action against Defendants JMA Resources, Inc. ("JMA") and Nancy Martindell ("Ms. Martindell" or "Defendant Martindell") (collectively "Defendants") and for cause states:

## INTRODUCTION

1. This lawsuit involves allegations by Mr. Butturini that Defendants violated the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301, *et seq*., by, among other ways, failing to pay Mr. Butturini his owed wages.

## PARTIES

2. Plaintiff Peter Butturini resides in Washington, DC and worked for Defendants out of his residence in Washington, DC until he was dismissed in Washington, DC.

1

3.      Through the time of his termination, Mr. Butturini was an employee in good standing at JMA.

4.      During the relevant period, Defendant JMA is a business and IT consulting firm with its principal place of business in Mechanicsburg, Pennsylvania.

5.      During the relevant period, Defendant Martindell was the President, Chief Executive Officer (CEO), and primary owner of JMA.

6.      During the period relevant to this action, Ms. Martindell participated substantially managing, controlling, and directing JMA's day-to-day operations.

7.      During the period relevant to this action, Ms. Martindell set and determined Mr. Butturini's amount and method of compensation.

8.      During the period relevant to this action, Ms. Martindell had the power to hire and fire Mr. Butturini and modify or adjust Mr. Butturini's work duties and responsibilities.

9.      Defendants, individually and jointly, each qualified as Mr. Butturini's "Employer" or "Employers" within the meaning of the DCWPCL, D.C. Code § 32-1301(1)(B).

## JURISDICTION AND VENUE

10.      Subject matter jurisdiction is proper in this Court because this Court has diversity jurisdiction over this action pursuant to 28 USC § 1332.

11.      Pursuant to D.C. Code § 13-423, this Court has personal jurisdiction over Defendants because the claims at issue arose from Defendants' acts and omissions transacting business in the District of Columbia.

12.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in the District of Columbia.

## STATEMENT OF FACTS

13.      Mr. Butturini was an employee in good standing during his employment. He was hired on or about March 27, 2023, to work as a full-time as the Vice President of Business Development for Defendants.

14.      Mr. Butturini worked for Defendants remotely from Washington, DC.

2

15.     Mr. Butturini worked for Defendants until he was dismissed on November 22, 2024.

16.     His letter of dismissal stated that his employment was ending "due to a change in priorities and organizational direction and performance."

17.     Ms. Martindell also cited a change of direction and reorganization when Mr. Butturini discussed his Dismissal Letter with her on or about November 7, 2024.  Ms. Martindell also told Mr. Butturini his position was being eliminated.

18.     In the original offer letter that Mr. Butturini signed and accepted, Mr. Butturini was promised 4 months of his full salary with the following clause:

> In the event there is a change in the Company's ownership or reorganization that directly causes the termination of your employment for reasons other than cause (defined below) within thirty (30) days following the change of ownership, JMA agrees to provide you with a minimum of four (4) months' notice to include full salary and compensation package.

*See* Exhibit 1 (hereinafter "Signed Employment Offer") at page 2.

19.     Mr. Butturini was not fired for cause as later described in the Signed Employment Offer.

20.     At the time of his dismissal, Mr. Butturini was receiving an annual salary of $180,000.00

21.     When Mr. Butturini was notified of his dismissal on November 7, 2024, he was told that his dismissal was effective November 22, 2024.

22.     Upon notice of his dismissal, Mr. Butturini did not receive the minimum of four (4) months' notice to include full salary and compensation package. Instead, he received no additional salary or compensation after November 22, 2024, with the exception of receiving pay for the 2 weeks he worked between November 7, 2024 and November 22, 2024.

23.     Mr. Butturini is owed an additional 3.5 months of wages, which would be approximately $52,500.00 based on his monthly average pay of $15,000.00, as well as the value of any benefit over that time period.

## COUNT I
### Violation of the District of Columbia Wage Payment and Collection Law
### D.C. Code § 32-1301 *et seq.*

24.     Plaintiff realleges and reincorporates by reference each and every paragraph set forth above.

25.     The District of Columbia Wage Payment and Collection Law, D.C. Code §§ 32-1301 *et seq.*, requires timely payment by employers to employees of all wages due and owing or as otherwise required by contract, District of Columbia law, or Federal law.

26.     In this instance, Mr. Butturini should have been paid within a day of being discharged.

27.     This claim is brought pursuant to D.C. Code § 32-1308.

28.     The term "employer" includes "every individual, partnership, firm…corporation…employing any person in the District of Columbia." D.C. Code § 32-1301(1)(B).

29.     Plaintiff was an employee of Defendants pursuant to D.C. Code § 32-1301(2), which defines an employee as, "any person suffered or permitted to work by an employer." The DCWPCL allows employees to make claims under the DCWPCL even when they work out of the District so long as the employer "employ[s] any person in the District of Columbia." D.C. Code § 32-1301(1B); *Lincoln-Odumu v. Med Faculty Assoc.*, 2016 WL 6427645, at *11 (D.D.C. July 8, 2016).

30.     Moreover, the statute is interpreted broadly and has been applied to people who work at home in D.C. even if their employer is located elsewhere, like in the case of Mr. Butturini. *See Steinke v. P5 Sols., Inc.,* 282 A.3d 1076, 1083 (D.C. 2022).

31.     Defendants employed at least one employee in the District of Columbia.

32.     Mr. Butturini did not receive 4 months of notice with pay and benefits when he was given notice of his termination on November 7, 2024, instead only receiving 2 weeks of notice and the resultant pay and benefits.

33.    Plaintiff is owed unpaid wages in the amount of $52,500.00 along with three and a half months of benefits.

34.    Defendants violated the DCWPCL by failing to timely pay Mr. Butturini his full wages as required by D.C. Code §§ 32-1302 upon termination.

35.    Plaintiff is entitled to all relief available under D.C. Code § 32-1308(a)(1)(A), including but not limited to, any unpaid wages or benefits, plus mandatory liquidated damages in an amount equal to treble any unpaid wages or benefits, and statutory penalties.

36.    Plaintiff is further entitled to an additional judgment for costs and attorney's fees computed pursuant to the attorney hourly rate matrix approved in *Salazar v. District of Columbia*, 123 F.Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorneys' services, pursuant to D.C. Code § 32-1308(b)(1).

37.    Plaintiff is also entitled to pre- and post-judgment interest and all associated fringe benefits to which he would have been entitled as an employee.

38.    Defendant is liable for all amounts due to Plaintiff, in an amount to be determined at trial.

## PRAYER FOR RELIEF

39.    **WHEREFORE**, Plaintiff prays for the Court and/or Jury to:

A.    Declare that Defendants failed to pay to Plaintiff all wages owed for work performed in violation of the DCWPCL;

B.    Enter an Order that Defendant pay Plaintiff all wages and benefits due;

C.    Enter judgment in favor of Plaintiff and against Defendants for mandatory liquidated damages in an amount equal to treble the amount of unpaid wages and benefits;

D.    Award Plaintiff pre-judgment and post-judgment interest on all monetary sums requested above;

E.    Enter an Order requiring Defendant to pay Plaintiff's reasonable attorneys' fees and costs incurred in bringing this action, including reasonable attorneys' fees at the attorney rates established in D.C. Code § 32-1308(b) for the wage and hour law violations; and

F.    Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: April 3, 2025

Respectfully submitted,

ERIC SIEGEL LAW, PLLC
/s/ *James E. Miller*
Eric L. Siegel (D.C. Bar No. 427350)
James E. Miller (D.C. Bar No. 1035476)
888 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (771) 220-6116; (771) 220-6061
Email: esiegel@ericsiegellaw.com;
jmiller@ericsiegellaw.com

*Attorneys for Plaintiff Peter Butturini*