IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER BUTTURINI,<br><br>                             Plaintiff,<br><br>v.<br><br>JMA RESOURCES, INC., *et al*.<br><br>                            Defendants. | Civil Action No. 1:25-cv-00997-SLS |

## **DEFENDANTS' ANSWER TO COMPLAINT**

COME NOW Defendants JMA Resources, Inc. ("JMA") and Nancy Martindell ("Martindell"), by counsel, and submit the following answer and just grounds of defense to Plaintiff Peter Butturini's Complaint.

In answer to the numbered paragraphs set forth in Plaintiff's Complaint, and using the same numbering system as contained within the Complaint, Defendants respond as follows:

### **Introduction**

1. Paragraph 1 contains legal conclusions and argument to which no response by these Defendants is required. To the extent a response is required, Defendants admit that the lawsuit involves the claim as stated in Paragraph 1, but deny that they are liable to Plaintiff as alleged and demand strict proof thereof.

### **Parties**

2. Defendants admit that Plaintiff resides in Washington, D.C. and that he worked for JMA, but deny that Plaintiff "worked for" Martindell as he was employed by JMA, a corporation, and demand strict proof thereof.

3. Defendants deny the allegations contained within Paragraph 3 and demand strict proof thereof.

4. Defendants admit the allegations contained within Paragraph 4.

5. Defendants admit the allegations contained within Paragraph 5.

6. Defendants admit that Martindell was an active, working President and CEO of JMA, but deny the allegations contained within Paragraph 6 as phrased and demand strict proof thereof.

7. Defendants deny the allegations contained within Paragraph 7 as phrased and demand strict proof thereof.

8. Defendants admit the allegations contained within Paragraph 8.

9. Paragraph 9 contains legal conclusions and argument to which no response by these Defendants is required. To the extent a response is required, Defendants admit that JMA was Plaintiff's "employer" as defined by the statute, but deny that Martindell was Plaintiff's "employer" as defined by the statute and demand strict proof thereof.

## Jurisdiction and Venue

10. Paragraph 10 contains legal conclusions and argument to which no response by these Defendants is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over this claim.

11. Paragraph 11 contains legal conclusions and argument to which no response by these Defendants is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over this claim pursuant to applicable federal law. Defendants deny the allegations contained within Paragraph 11 as framed and demand strict proof thereof.

12. Paragraph 12 contains legal conclusions and argument to which no response by these Defendants is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over this claim.

**Statement of Facts**

13. Defendants admit that Plaintiff was hired in March 2023 for the position stated in Paragraph 13. Defendants deny that Plaintiff was "an employee in good standing" throughout his employment and demand strict proof thereof.

14. Defendants admit the allegations contained within Paragraph 14.

15. Defendants admit the allegations contained within Paragraph 15.

16. Defendants deny that the letter terminating Plaintiff's employment is quoted accurately within Paragraph 16 and demand strict proof thereof. Defendants admit that Plaintiff was an at-will employee whose employment was terminated due to performance issues.

17. Defendants deny the allegations contained within Paragraph 17 as phrased and demand strict proof thereof.

18. Defendants admit the allegations contained within Paragraph 18.

19. Defendants deny the allegations contained within Paragraph 19 and demand strict proof thereof.

20. Defendants admit the allegations contained within Paragraph 20.

21. Defendants admit that Plaintiff received a letter of termination on November 7, 2024, with an effective dismissal date of November 22, 2024, but deny that this was the first notice provided to Plaintiff that his employment would be terminated and demand strict proof thereof.

22. Defendants deny that Plaintiff did not receive four (4) months' notice that his employment may be terminated due to performance issues and demand strict proof thereof. Defendants admit that Plaintiff received two weeks' pay for the period November 7, 2024 through November 22, 2024, and no compensation thereafter as his employment had been

terminated.

23.     Defendants deny the allegations contained within Paragraph 23 and demand strict proof thereof.

## Count I
## Violation of the District of Columbia Wage Payment and Collection Law
## D.C. Code § 32-1301, *et seq.*

24.     Defendants incorporate the above answers and defenses as if set forth in full herein.

25.     Paragraph 25 contains legal conclusions and argument to which no response by these Defendants is required.  To the extent a response is required, Defendants aver that the statute speaks for itself, and deny the characterization of the statute's requirements as phrased in Paragraph 25 and demand strict proof thereof.

26.     Defendants deny the allegations contained within Paragraph 26 and further deny that Plaintiff was not paid any money he was owed, either by statute or otherwise, and demand strict proof thereof.

27.     Paragraph 27 contains legal conclusions and argument to which no response by these Defendants is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to recover under this Code section, or any other, and demand strict proof thereof.

28.     Paragraph 28 contains legal conclusions and argument to which no response by these Defendants is required.  To the extent a response is required, Defendants aver that the statute speaks for itself, and admit that it is quoted accurately within Paragraph 28.

29.     Paragraph 29 contains legal conclusions and argument to which no response by these Defendants is required.  To the extent a response is required, Defendants admit that Plaintiff was employed by JMA, but deny that Plaintiff was employed by Martindell and demand

terminated.

23.     Defendants deny the allegations contained within Paragraph 23 and demand strict proof thereof.

## Count I
## Violation of the District of Columbia Wage Payment and Collection Law
## D.C. Code § 32-1301, *et seq.*

24.     Defendants incorporate the above answers and defenses as if set forth in full herein.

25.     Paragraph 25 contains legal conclusions and argument to which no response by these Defendants is required.  To the extent a response is required, Defendants aver that the statute speaks for itself, and deny the characterization of the statute's requirements as phrased in Paragraph 25 and demand strict proof thereof.

26.     Defendants deny the allegations contained within Paragraph 26 and further deny that Plaintiff was not paid any money he was owed, either by statute or otherwise, and demand strict proof thereof.

27.     Paragraph 27 contains legal conclusions and argument to which no response by these Defendants is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to recover under this Code section, or any other, and demand strict proof thereof.

28.     Paragraph 28 contains legal conclusions and argument to which no response by these Defendants is required.  To the extent a response is required, Defendants aver that the statute speaks for itself, and admit that it is quoted accurately within Paragraph 28.

29.     Paragraph 29 contains legal conclusions and argument to which no response by these Defendants is required.  To the extent a response is required, Defendants admit that Plaintiff was employed by JMA, but deny that Plaintiff was employed by Martindell and demand

strict proof thereof. Defendants admit that Plaintiff may, under existing law, bring this claim as indicated within Paragraph 29, but deny that Plaintiff is entitled to recover under this claim and demand strict proof thereof.

30. Paragraph 30 contains legal conclusions and argument to which no response by these Defendants is required. To the extent a response is required, Defendants admit that Plaintiff may, under existing law, bring this claim as indicated within Paragraph 30, but deny that Plaintiff is entitled to recover under this claim and demand strict proof thereof.

31. Defendants admit the allegations contained within Paragraph 31.

32. Defendants deny the allegations contained within Paragraph 32 and demand strict proof thereof.

33. Defendants deny the allegations contained within Paragraph 33 and demand strict proof thereof.

34. Defendants deny the allegations contained within Paragraph 34 and demand strict proof thereof.

35. Defendants deny the allegations contained within Paragraph 35 and demand strict proof thereof.

36. Defendants deny the allegations contained within Paragraph 36 and demand strict proof thereof.

37. Defendants deny the allegations contained within Paragraph 37 and demand strict proof thereof.

38. Defendants deny the allegations contained within Paragraph 38 and demand strict proof thereof.

**Prayer for Relief**

39. Defendants further deny all allegations contained within the Complaint not specifically admitted or otherwise Answered and deny that Plaintiff is entitled to the relief demanded the Complaint, including those items of relief demanded in Plaintiff's "WHEREFORE" clause (¶ 39 A through F), and demand strict proof thereof.

In addition to the above, Defendants further plead the following affirmative defenses:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Defendants deny that Plaintiff has been injured in the amount or to the extent alleged, or that they are liable to Plaintiff in any amount for any reason whatsoever.

**THIRD DEFENSE**

Plaintiff is not entitled to recover damages under D.C. Code § 1301, *et seq.* as this Act is not applicable to the facts alleged in the Complaint.

**FOURTH DEFENSE**

Plaintiff is not entitled to recover damages under D.C. Code § 1301, *et seq.* because Defendants were under no legal obligation to pay the wages to which Plaintiff alleges he was entitled.

**FIFTH DEFENSE**

The Defendants have not impaired or interfered with any contractual rights of the Plaintiff.

**SIXTH DEFENSE**

The Defendants have not violated any of Plaintiff's statutory rights.

**SEVENTH DEFENSE**

The Defendants are not liable to Plaintiff based on the defense of "payment."

**EIGHTH DEFENSE**

The Defendants further deny each and every allegation of the Complaint not specifically admitted or otherwise answered, generally deny liability, deny that the Plaintiff has been injured and damaged as alleged, and reserve the right to amend this Answer if discovery reveals additional applicable defenses.

WHEREFORE, having fully answered, the Defendants pray that the Complaint be dismissed upon the merits and that they be awarded their costs.

Respectfully Submitted,

FRIEDLANDER MISLER, PLLC

/s/ Joseph W. Santini

Joseph W. Santini, Esq., DC Bar # 485456
5335 Wisconsin Ave., NW, Suite 600
Washington, DC 20015
202-872-0800
202-857-8343 (fax)
*jsantini@fmlaw.com*

*Attorneys for Defendants JMA Resources, Inc. and Nancy Martindell*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 29th day of April 2025, I sent the above Answer to Complaint via the Court's ECF system to:

James E. Miller, Esq.
Eric L. Siegel, Esq.
ERIC SIEGEL LAW, PLLC
888 17th St., NW, Suite 1000
Washington, D.C. 20006
*Attorneys for Plaintiff*

/s/ Joseph W. Santini
_____
Joseph W. Santini