IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER BUTTURINI,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JMA RESOURCES, INC., *et al*.<br><br>　　　　　　　　　　Defendants. | Civil Action No. 1:25-cv-00997-SLS |

**JOINT REPORT PURSUANT TO L.R.CIV.P. 16.3 (d) AND FED.R.CIV.P. 26 (f)**

　　　　COME NOW the Parties, Plaintiff Peter Butturini and Defendants JMA Resources, Inc. and Nancy Martindell, by their respective counsel, and having met and conferred, submit the following Joint Report pursuant to L.R.Civ.P. 16.3 (d) and Fed.R.Civ.P. 26 (f), and as required by this Court's Order dated May 1, 2025 (Doc. 7).  For their Joint Report, the parties state as follows:

　　**1.　Brief Statement of Case and Bases for Causes of Action and Defenses**

　　　　Plaintiff brings this action under the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301, *et seq*., alleging that Defendants violated same by failing to pay him severance at the time of his termination that he alleges was owed pursuant to the terms of an employment offer letter.  Defendants contend that no such severance was owed under the terms of the employment offer letter because Plaintiff was terminated for cause, or in the alternative, that Plaintiff was provided the "notice" that the employment offer letter contemplated, and as such, they did not violate the DCWPCL.

　　**2.　Discovery Plan**

　　　　a.　The Parties have discussed and agreed to the following schedule in this matter:

| Item: | Due on or before: |
|---|---|
| Motion to Add Parties or Amend Pleadings | June 25, 2025 |
| Initial Disclosures under Rule 26(a)(1) | July 3, 2025 |
| Deadline for Post Rule 26(a)(1) Disclosure Discovery Requests | July 18, 2025 |
| Proponents' Rule 26(a)(2) Statements | August 4, 2025 |
| Opponents' Rule 26(a)(2) Statements | September 4, 2025 |
| Close of Discovery | October 6, 2025 |
| Deadline to file Dispositive Motions | November 7, 2025 |
| Deadline to file Oppositions to Dispositive Motions | December 8, 2025 |
| Deadline to file Replies to Oppositions to Dispositive Motions | December 22, 2025 |
| Dispositive Motions Decided | January 30, 2026 |
| Final Pretrial Conference | 120 days (approx.) post Close of Discovery |
| Rule 26(a)(3) Disclosures | Date of Final Pretrial Conference |
| Objections to Rule 26(a)(3) Disclosures | 14 days following Final Pretrial Conference |

b.   The Parties agree to a limit of twenty-five (25) Interrogatories and five (5) non-party, non-expert depositions in this case.  The Parties agree that the limitation of five (5) non-party, non-expert depositions per side does not include *de bene esse* depositions taken in lieu of trial testimony for witnesses who might otherwise be unavailable for trial.

c.   The Parties have agreed that they will not be required to provide a privilege log for any attorney-client communication generated after notice of the Plaintiff's claim in this action.

d.   Subject to subsection (c) above, the Party responding to discovery shall provide a

2

privilege log for all material for which a privilege is claimed. Inadvertent disclosure of privileged material shall not be deemed a waiver, pursuant to the following stipulations:

    i. Upon becoming aware of inadvertent disclosure of privileged material, the producing Party must promptly request the return of any document that is subject to a legitimate claim of privilege.

    ii. Unless the requesting Party disputes the producing Party's claim of privilege, any documents that the producing Party deems to contain inadvertently disclosed privileged material shall be, upon written request, promptly returned to the producing Party or destroyed at the producing Party's option. This includes all copies, electronic or otherwise, of any such documents. In the event that the producing Party requests destruction, the requesting Party shall provide written certification of compliance within thirty (30) days of such written request.

    iii. If the requesting Party disputes the producing Party's claim that the inadvertently produced documents are subject to a legitimate claim of privilege, a single set of copies may be sequestered and retained by and under the control of the requesting Party for the sole purpose of seeking court determination of the issue pursuant to Fed. R. Civ. P. 26(b)(5)(B).

    iv. Any privileged material that is inadvertently disclosed by the producing Party to the requesting Party shall be and remain the property of the producing Party, and there shall be no waiver of any applicable privilege unless and until this Court has so determined.

e. The Parties anticipate that the submission of a Stipulated Protective Order to

govern the handling of any confidential matters/documents may be required in this case. If, after discovery requests are exchanged, it is determined by either Party that a Protective Order is required, the Parties will work together to submit a Stipulated Protective Order to the Court.

      f.  The Parties agree that electronically stored information, as requested in discovery or identified in pre-trial disclosures, may be produced either on paper or electronically, but will make every effort to produce it in its native format and will only not do so if such production is not cost effective or practical. The Parties agree that if such an impracticality of production in native format is noted by the side who bears the burden of production, they will discuss the production and make every effort to come to an agreement regarding such production prior to involving the Court.

      g.  The Parties do not anticipate that any filings will be made under seal in this case, but to the extent such becomes necessary, the Parties will comply with the Federal Rules in connection with such filing.

**3. Topics under L.R.Civ.P. 16.3 (c)**

The Parties have met and conferred to discuss the topics under L.R.Civ.P. 16 (c), and using the same numbering as contained within the Local Rule, state as follows:

L.R.Civ.P. 16 (c) (1):  Although there are no dispositive motions pending currently, the Defendants anticipate filing a Motion for Summary Judgment at the close of discovery and the Plaintiff may do so as well and reserves the right to so file.

L.R.Civ.P. 16 (c) (2):  The Parties have proposed a deadline of June 25, 2025, to add parties or amend pleadings. The Parties will work together to narrow or agree upon any factual issues that can be narrowed or

agreed upon.  It is not anticipated that the Parties will be able to narrow the legal issues between them.

L.R.Civ.P. 16 (c) (3):  The Parties do not agree that this case should be assigned to a magistrate judge for all purposes.

L.R.Civ.P. 16 (c) (4):  The Parties will continue to explore settlement as this case proceeds, but do not believe the case can be settled presently.

L.R.Civ.P. 16 (c) (5):  The Parties do not believe ADR/mediation would be productive or helpful at this stage of the litigation.  Counsel have discussed ADR/mediation with their clients.

L.R.Civ.P. 16 (c) (6):  The Parties proposed a schedule for dispositive motions as set forth above in the proposed discovery plan.

L.R.Civ.P. 16 (c) (7):  The Parties agree to dispense with initial disclosures under Fed.R.Civ.P. 26(a)(1).  However, should the Court require them, the Parties propose a deadline of July 3, 2025, in which to make initial disclosures.

L.R.Civ.P. 16 (c) (8):  The Parties have proposed a discovery schedule and limits as set forth in the above proposed discovery plan.

L.R.Civ.P. 16 (c) (9):  The Parties do not anticipate any issues with ESI, and have proposed the handling of same in the above discovery plan.

L.R.Civ.P. 16 (c) (10): The Parties have discussed and proposed rules to govern the handling of privileged material, as set forth above in the proposed discovery plan.

L.R.Civ.P. 16 (c) (11): The Parties have proposed dates for the exchange of Rule 26(a)(2)

reports in the above discovery plan.

L.R.Civ.P. 16 (c) (12): This section is not applicable to this case as this matter is not a class action.

L.R.Civ.P. 16 (c) (13): The Parties do not believe this case need be bifurcated or managed in phases.

L.R.Civ.P. 16 (c) (14): As set forth in the proposed discovery plan above, the Parties have requested that the Final Pretrial Conference be set for 120 days (approx.) after the close of discovery to permit time for the briefing and argument of any motions for summary judgment.

L.R.Civ.P. 16 (c) (15): The Parties request that this Court set a trial date at the Initial Scheduling Conference.

**4. Proposed Scheduling Order**

The parties propose the schedule below be reduced to an Order (as set forth above in their discovery plan):

Item:                                                         Due on or before:

| Item | Due on or before |
|---|---|
| Motion to Add Parties or Amend Pleadings | June 25, 2025 |
| Initial Disclosures under Rule 26(a)(1) | July 3, 2025 |
| Deadline for Post Rule 26(a)(1) Disclosure Discovery Requests | July 18, 2025 |
| Proponents' Rule 26(a)(2) Statements | August 4, 2025 |
| Opponents' Rule 26(a)(2) Statements | September 4, 2025 |
| Close of Discovery | October 6, 2025 |
| Deadline to file Dispositive Motions | November 7, 2025 |

| | |
|---|---|
| Deadline to file Oppositions to Dispositive Motions | December 8, 2025 |
| Deadline to file Replies to Oppositions to Dispositive Motions | December 22, 2025 |
| Dispositive Motions Decided | January 30, 2026 |
| Final Pretrial Conference | 120 days (approx.) post Close of Discovery |
| Rule 26(a)(3) Disclosures | Date of Final Pretrial Conference |
| Objections to Rule 26(a)(3) Disclosures | 14 days following Final Pretrial Conference |

Respectfully Submitted,

FRIEDLANDER MISLER, PLLC

*/s/ Joseph W. Santini*

Joseph W. Santini, Esq., DC Bar # 485456
5335 Wisconsin Ave., NW, Suite 600
Washington, DC 20015
202-872-0800
202-857-8343 (fax)
*jsantini@fmlaw.com*

*Attorneys for Defendants JMA Resources, Inc. and Nancy Martindell*

ERIC SIEGEL LAW, PLLC

/s/ James E. Miller
Eric L. Siegel (D.C. Bar No. 427350)
James E. Miller (D.C. Bar No. 1035476)
888 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (771) 220-6116; (771) 220-6061
Email: esiegel@ericsiegellaw.com;
jmiller@ericsiegellaw.com

*Attorneys for Plaintiff Peter Butturini*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 23rd day of May 2025, I sent the above Joint Report via the Court's ECF system to:

James E. Miller, Esq.
Eric L. Siegel, Esq.
ERIC SIEGEL LAW, PLLC
888 17th St., NW, Suite 1000
Washington, D.C. 20006
*Attorneys for Plaintiff*

/s/ Joseph W. Santini
_____
Joseph W. Santini